UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ALI RODRIGUEZ,                                                  Case No.

                         Plaintiff,

      -vs.-

                                       **COMPLAINT**

GROCERY TOST CAFE, INC. d/b/a GROCERY
TOZT CAFE, 589 BAKERY INC. d/b/a PANINI
TOZT CAFÉ FIRST AVENUE, PANINI TOST
CAFE INC. d/b/a PANINI TOZT CAFÉ QUEENS
PLAZA, SIMRAT FOOD CORP. d/b/a Q CAFÉ,
MOHAMMAD CHOUDRY a/k/a JOHN CHOUDRY
and SURINDER SINGH a/k/a TONY SINGH,

                         Defendants.
------------------------------------------------------------------X

Plaintiff, ALI RODRIGUEZ by and through his attorneys, the LAW OFFICES OF WILLIAM CAFARO, complaining of the Defendants, hereby alleges as follows:

## ***THE PARTIES***

1.      Plaintiff, ALI RODRIGUEZ (hereinafter "Mr. Rodriguez" or "Plaintiff") is an individual residing in Queens, New York.

2.      Upon information and belief, Defendant GROCERY TOST CAFE, INC. d/b/a GROCERY TOZT CAFE, (hereinafter "Grocery Tozt") was and is a domestic business corporation whose principal place of business is located at 59 4th Ave, New York, NY 10003.

3. Upon information and belief, Defendant 589 BAKERY INC. d/b/a PANINI TOZT CAFÉ FIRST AVENUE, (hereinafter "Panini Tozt First Ave.") was and is a domestic business corporation whose principal place of business is located at 589 1st Ave, New York, NY 10016.

4. Upon information and belief, Defendant PANINI TOST CAFE INC. d/b/a PANINI TOZT CAFÉ QUEENS PLAZA, (hereinafter "Panini Tozt Queens Plaza") was and is a domestic business corporation whose principal place of business is located at 25-02 Queens Plaza S, Long Island City, NY 11101.

5. Upon information and belief, Defendant SIMRAT FOOD CORP. d/b/a Q CAFÉ, (hereinafter "Q Cafe") was and is a domestic business corporation whose principal place of business is located at 60-10C Kissena Blvd, Flushing, NY 11355.

6. Upon information and belief, Defendant MOHAMMAD CHOUDRY a/k/a JOHN CHOUDRY (hereinafter "Choudry") is an individual, whose actual place of residence is located at 266-04 E. Williston Ave, Floral Park, NY 11001.

7. Upon information and belief, at all times herein pertinent, Defendant Choudry, served as a principal, officer and/or manager of Defendants Grocery Tozt, Panini Tozt First Ave., Panini Tozt Queens Plaza and Q Café.

8. Upon information and belief, Defendant SURINDER SINGH a/k/a TONY SINGH, (hereinafter "Singh") is an individual, whose actual place of business is located at 25-02 Queens Plaza S, Long Island City, NY 11101.

9. Upon information and belief, at all times herein pertinent, Defendant Singh, served as a principal, officer and/or manager of Defendants Grocery Tozt, Panini Tozt First Ave., Panini Tozt Queens Plaza and Q Café.

10. Upon information and belief, for the calendar year 2013 the gross receipts of Grocery Tozt were not less than $500,000.00.

11. Upon information and belief, for the calendar year 2014 the gross receipts of Grocery Tozt were not less than $500,000.00.

12. Upon information and belief, for the calendar year 2015 the gross receipts of Grocery Tozt were not less than $500,000.00.

13. Upon information and belief, for the calendar year 2016 the gross receipts of Grocery Tozt will not be less than $500,000.00.

14. Upon information and belief, for the calendar year 2013 the gross receipts of Panini Tozt First Ave., were not less than $500,000.00.

15. Upon information and belief, for the calendar year 2014 the gross receipts of Panini Tozt First Ave., were not less than $500,000.00.

16. Upon information and belief, for the calendar year 2015 the gross receipts of Panini Tozt First Ave., were not less than $500,000.00.

17. Upon information and belief, for the calendar year 2016 the gross receipts of Panini Tozt First Ave. will not be less than $500,000.00.

18. Upon information and belief, for the calendar year 2013 the gross receipts of Panini Tozt Queens Plaza were not less than $500,000.00.

19. Upon information and belief, for the calendar year 2014 the gross receipts of Panini Tozt Queens Plaza were not less than $500,000.00.

20. Upon information and belief, for the calendar year 2015 the gross receipts of Panini Tozt Queens Plaza were not less than $500,000.00.

21. Upon information and belief, for the calendar year 2016 the gross receipts of Panini Tozt Queens Plaza will not be less than $500,000.00.

22. Upon information and belief, for the calendar year 2013 the gross receipts of Q Cafe, were not less than $500,000.00.

23.  Upon information and belief, for the calendar year 2014 the gross receipts of Q Cafe, were not less than $500,000.00.

24.  Upon information and belief, for the calendar year 2015 the gross receipts of Q Cafe, were not less than $500,000.00.

25.  Upon information and belief, for the calendar year 2016 the gross receipts of Q Cafe, will not be less than $500,000.00.

26.  Upon information and belief, the four corporate defendants, Grocery Tozt, Panini Tozt First Ave., Panini Tozt Queens Plaza and Q Cafe are operated under common ownership and under common management for a joint business purpose, as a joint enterprise.

27.  The Plaintiff as well as the other employees of Grocery Tozt, Panini Tozt First Ave., Panini Tozt Queens Plaza and Q Café were required to perform labor in the location of each of the corporations when it was short staffed.

28.  Upon information and belief, Grocery Tozt, Panini Tozt First Ave., Panini Tozt Queens Plaza and Q Cafe have unified and interrelated operations, centralized control of labor relations, and interrelated business goals.

29.  Upon information and belief, the defendants Choudry and Singh, own all the beneficial interest of the defendants, Grocery Tozt, Panini Tozt First Ave., Panini Tozt Queens Plaza and Q Café.

30.     Upon information and belief, the defendants Choudry and Singh, conducted substantially all the management functions of the defendants, Grocery Tozt, Panini Tozt First Ave., Panini Tozt Queens Plaza and Q Café.

31.     Upon information and belief, the defendants Grocery Tozt, Panini Tozt First Ave., Panini Tozt Queens Plaza and Q Cafe have operated in the manner outlined in ¶¶ 26-30, inclusive, for at least the three years preceding the filing of this Compliant.

32.     Upon information and belief, the aggregated gross receipts of Grocery Tozt, Panini Tozt First Ave., Panini Tozt Queens Plaza and Q Cafe exceeded $500,000.00 per annum in each of the calendar years 2013 through 2016, inclusive.

## *JURISDICTION AND VENUE*

33.     Jurisdiction is based upon 28 U.S.C. § 1331, insofar as it involves a statute of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and Plaintiff relies upon 28 U.S.C. § 1367 to invoke supplemental jurisdiction with respect to the state law claims which form another basis for recovery upon the same factual nexus, specifically Articles 6 & 19 of the Labor Law and 12 NYCRR §§ 137, 142 and other appropriate rules, regulations, statutes, and ordinances.

34.     Venue is based upon 28 U.S.C. § 1391(b)(1), insofar as at least one of the Defendants resides within this Judicial District, and (b)(2), insofar as a substantial part of the events giving rise to the within causes of action occurred in this Judicial District.

## *FACTUAL ALLEGATIONS*

35. At all times herein pertinent, the Defendants, and each of them, were engaged in an industry having an affect on commerce within the meaning of 29 U.S.C. § 203.

36. At all times herein pertinent, and in the course of his duties, Plaintiff regularly handled products which had been moved in commerce.

37. Mr. Rodriguez primary duties did not include the exercise of discretion and independent judgment with respect to any matters of significance.

38. Grocery Tozt operates as a restaurant.

39. Panini Tozt First Ave. operates as a restaurant.

40. Panini Tozt Queens Plaza operates as a restaurant.

41. Q Cafe operates as a restaurant.

42. Mr. Rodriguez was employed by the Defendants at Grocery Tozt, Panini Tozt First Ave., Panini Tozt Queens Plaza and Q Café (hereinafter "Tozt Restaurants"), from on or about April 1, 2014 until on or about April 7, 2016.

43. While employed by Tozt Restaurants, Mr. Rodriguez was assigned various duties including, but not limited to, cooking, assistant cook, washing floors, cleaning bathrooms, taking out garbage, breaking down cartons, cleaning windows, transporting vegetables from one of the Tozt Restaurants to another, and doing deliveries.

44. Mr. Rodriguez spent approximately 10-15% of his work doing deliveries and the rest of his time working on the tasks.

45. Mr. Rodriguez primarily worked at the Grocery Tozt Cafe location, from April 1, 2014 until October 30, 2014.

46. During the time period above, Mr. Rodriguez' work schedule was Sundays through Fridays, inclusive, from 8:00AM until 7:00PM and he was compensated $350 per work week.

47. Mr. Rodriguez primarily worked at the Pannini Tozt Café First Ave. location, from on or about December 1, 2014 until on or about April 30, 2015.

48. During the time period above, Mr. Rodriguez' work schedule was Sundays through Fridays, inclusive, from 8:00AM until 7:00PM and he was compensated $350 per work week.

49. Mr. Rodriguez primarily worked at the Panini Tozt Café Queens Plaza location, from on or about May 1, 2015 until on or about December 31, 2015.

50.	During the time period above, Mr. Rodriguez' work schedule was Mondays through Friday, inclusive, from 8:00AM until 7:00PM and Sundays from 7:00AM until 7:00PM and he was compensated $350 per work week.

51.	Mr. Rodriguez primarily worked at the Q Cafe from on or about January 1, 2016 until on or about April 7, 2016.

52.	During the time period above, Mr. Rodriguez' work schedule was Sunday through Friday, inclusive, from 11:00AM until 11:00PM and he was compensated $300 per work week

53.	Plaintiff regularly worked for the Defendants in excess of forty (40) hours a week but did not receive any overtime premium of one and one half times his regular rate of pay for those hours.

54.	Defendants failed to pay the Plaintiff the statutory minimum wage.

55.	Defendants failed to pay Plaintiff spread of hours pay.

56.	Upon information and belief, Defendants Choudry and Singh had the power to hire employees at Grocery Tozt, Panini Tozt First Ave., Panini Tozt Queens Plaza and Q Café.

57.	 Upon information and belief, Defendant Singh hired Plaintiff on or about April 1, 2014.

58. Upon information and belief, Defendants Choudry and Singh had the power to fire employees at Grocery Tozt, Panini Tozt First Ave., Panini Tozt Queens Plaza and Q Café.

59. Defendants Choudry and Singh controlled the terms of the Plaintiff's employment in that they would tell them what tasks to complete and on what time frame they needed to be completed.

60. Upon information and belief, Defendants Choudry and Singh controlled the work schedule of all of the employees of Grocery Tozt, Panini Tozt First Ave., Panini Tozt Queens Plaza and Q Cafe, including the Plaintiff's work schedules.

61. Upon information and belief, Defendants Choudry and Singh controlled the rates and methods of payment of each of the employees of Grocery Tozt, Panini Tozt First Ave., Panini Tozt Queens Plaza and Q Cafe , including the Plaintiff pay rate and methods of pay.

62. At all times herein pertinent, the Plaintiff performed his duties for Defendant Grocery Tozt, Panini Tozt First Ave., Panini Tozt Queens Plaza and Q Cafe , at the direction and under the control of Defendants Choudry and Singh.

63. Upon information and belief, and at all times herein pertinent, Defendants Choudry and Singh exercised close control over the managerial operations of Grocery Tozt,

Panini Tozt First Ave., Panini Tozt Queens Plaza and Q Cafe , including the policies and practices concerning employees.

64. At all times herein pertinent, Defendants Choudry and Singh controlled the terms and conditions of employment, supervised employees, made decisions as to hiring and firing and as to wages with respect to the employees of Grocery Tozt, Panini Tozt First Ave., Panini Tozt Queens Plaza and Q Cafe  in general, and with respect to the Plaintiff in particular.

65. At all times herein pertinent, Defendants Choudry and Singh acted as Plaintiff's employer within the meaning of the FLSA and the New York State Labor Law.

66. The Defendants did not create or maintain records showing the precise number of hours Plaintiff worked or of wages they earned.

67. Plaintiff alternatively alleges that Defendants created records showing the number of hours Plaintiff worked and/or of wages he earned but upon information and belief, have not maintained them as required by law.

68. Defendant failed to furnish Plaintiff with proper annual wage notices, as required by the NYLL.

69. Defendants failed to furnish Plaintiff with a proper statement with every payment of wages, as required by the NYLL.

### *AS AND FOR A FIRST CAUSE OF ACTION*
### *FEDERAL FAIR LABOR STANDARDS ACT*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(MINIMUM WAGE)*

70. Plaintiff hereby incorporates all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

71. All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

72. The Defendants herein knowingly and willfully violated 29 U.S.C. § 206 by failing to pay Plaintiff the applicable minimum wage.

### *AS AND FOR A SECOND CAUSE OF ACTION*
### *FEDERAL FAIR LABOR STANDARDS ACT*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(FAILURE TO PAY OVERTIME)*

73. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

74. All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

75. The Defendants herein knowingly and willfully violated 29 U.S.C. § 207 by failing to pay Plaintiff overtime pay at the premium rate of one and one half times Plaintiff's regular rate of pay.

### *AS AND FOR A THIRD CAUSE OF ACTION*
### *STATE MINIMUM WAGE ACT*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(MINIMUM WAGE)*

76. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

77. The Defendants herein willfully and in bad faith violated Article § 650 by failing to pay Plaintiff the applicable minimum wage.

### *AS AND FOR A FOURTH CAUSE OF ACTION*
### *STATE WAGE AND HOUR LAW*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(FAILURE TO PAY OVERTIME)*

78. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

79. The Defendants herein knowingly and in bad faith violated Articles 6 & 19 of the New York State Labor Law and 12 NYCRR §142-2.2 by failing to pay the Plaintiff overtime pay at the premium rate of one and one half times Plaintiff's regular rate of pay.

### *AS AND FOR A FIFTH CAUSE OF ACTION*
### *STATE WAGE AND HOUR LAW*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(FAILURE TO PAY SPREAD OF HOURS)*

80.     The Plaintiff hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

81.     The Defendants herein knowingly, willfully and in bad faith violated Articles 6 & 19 of NYLL, and more particularly 12 NYCRR § 142-2.4, by failing to pay Plaintiff, one additional hour of pay at the prevailing minimum wage for each day during which there was a split shift and/or the spread of hours exceeded 10 hours.

### *AS AND FOR A SIXTH CAUSE OF ACTION*
### *NEW YORK STATE LABOR LAW*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(FAILURE TO PROVIDE ANNUAL WAGE NOTICES)*

82.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

83.     Defendants have willfully failed to furnish the Plaintiff with annual wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated

14

by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

84. Through their knowing or intentional failure to provide the Plaintiff with the annual wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

### *AS AND FOR A SEVENTH CAUSE OF ACTION*
### *NEW YORK STATE LABOR LAW*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(FAILURE TO PROVIDE WAGE STATEMENTS)*

85. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

86. Defendants have willfully failed to furnish the Plaintiff with statements with every payment of wages as required by NYLL, Article 6, § 195(3), listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular and overtime hours worked.

87. Through their knowing or intentional failure to provide the Plaintiff with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

**WHEREFORE**, Plaintiff prays for judgment as against the Defendants, and each of them, as follows:

a) awarding back pay for minimum wage due and owing to the Plaintiff;

b) awarding back pay for overtime pay due and owing to the Plaintiff;

c) awarding back pay for spread of hours pay due and owing to the Plaintiff;

d) Declaring that Defendants violated the provisions of the NYLL relating to notice and record keeping requirements regarding employees, and awarding Plaintiff statutory damages and any other relief authorized under the NYLL for violations of those requirements;

e) awarding liquidated damages pursuant to 29 U.S.C. § 216(b) and/or New York State's Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);

f) awarding the costs and disbursements of this action, along with reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) and/or New York State's Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);

g) awarding any other relief this Court deems just, proper and equitable.

Dated:  New York, New York
        April 27, 2016

                                        Respectfully submitted,
                                        LAW OFFICES OF WILLIAM CAFARO

_____
Amit Kumar (AK0822)
Attorneys for Plaintiff
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400
AKumar@Cafaroesq.com
Our File No.: 52886

To:

GROCERY TOST CAFE, INC.
59 4th Ave
New York, NY 10003

589 BAKERY INC.
589 1st Ave
New York, NY 10016

PANINI TOST CAFE INC.
25-02 Queens Plaza S
Long Island City, NY 11101

SIMRAT FOOD CORP.
60-10C Kissena Blvd
Flushing, NY 11355

MOHAMMAD CHOUDRY
266-04 E. Williston Ave
Floral Park, NY 11001

SURINDER SINGH
25-02 Queens Plaza S
Long Island City, NY 11101

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ALI RODRIGUEZ,                                                    Case No.

                            Plaintiff,

     -vs.-

GROCERY TOST CAFE, INC. d/b/a GROCERY
TOZT CAFE, 589 BAKERY INC. d/b/a PANINI
TOZT CAFÉ FIRST AVENUE, PANINI TOST
CAFE INC. d/b/a PANINI TOZT CAFÉ QUEENS
PLAZA, SIMRAT FOOD CORP. d/b/a Q CAFÉ,
MOHAMMAD CHOUDRY a/k/a JOHN CHOUDRY
and SURINDER SINGH a/k/a TONY SINGH,

                            Defendants.
-----------------------------------------------------------------X

# COMPLAINT

LAW OFFICES OF WILLIAM CAFARO
Attorneys for Plaintiff
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400
File No. 52886

18